UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

DEBRAH J. WHALEY,

Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

Defendant.

Case No. 1:13-cv-01488-HA

OPINION AND ORDER

HAGGERTY, District Judge:

Plaintiff Debrah J. Whaley seeks judicial review of a final decision by the Acting Commissioner of the Social Security Administration denying her application for Disability Insurance Benefits (DIB). This court has jurisdiction to review the Acting Commissioner's decision under 42 U.S.C. § 405(g). After reviewing the record, this court concludes that the Acting Commissioner's decision must be affirmed.

**STANDARDS**

A claimant is considered "disabled" under the Social Security Act if: (1) he or she is unable to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment is "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Hill v. Astrue,* 688 F.3d 1144, 1149-50 (9th Cir. 2012) (citing 42 U.S.C. § 1382c(a)(3); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)); 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a). In steps one through four, the Commissioner must determine whether the claimant (1) has not engaged in SGA since his or her alleged disability onset date; (2) suffers from severe physical or mental impairments; (3) has severe impairments that meet or medically equal any of the listed impairments that automatically qualify as disabilities under the Social Security Act; and (4) has a residual functional capacity (RFC) that prevents the claimant from performing his or her past relevant work. *Id.* An RFC is the most an individual can do in a work setting despite the total limiting effects of all his or her impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p. The claimant bears the burden of proof in the first four steps to establish his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show that jobs exist

in a significant number in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits. 20 C.F.R. §§ 404.1520(f)(1), 416.920(a). On the other hand, if the Commissioner can meet its burden, the claimant is deemed to be not disabled for purposes of determining benefits eligibility. *Id.*

The Commissioner's decision must be affirmed if it is based on the proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).

When reviewing the decision, the court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). If, however, the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision, the decision must be set aside. *Id.* at 720.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff was born in 1951 and was an individual of advanced age on her disability onset date. She holds a Master's Degree in Education and has past relevant work as a director and

teacher in an alternative education program. Plaintiff protectively filed her application for DIB on August 14, 2009, alleging that she has been disabled since June 11, 2009. The claim was denied initially and upon reconsideration. At plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on December 12, 2011. The ALJ heard testimony from plaintiff, who was represented by counsel, as well as an independent vocational expert (VE).

On January 25, 2012, the ALJ issued a decision finding that plaintiff was not disabled under the Act. At step one of the sequential analysis, the ALJ found that plaintiff had not engaged in SGA since June 11, 2009, her alleged onset date. Tr. 14.[1] At step two, the ALJ found that plaintiff suffers from the following medically determinable severe impairments: chronic cough related to acid reflux, gastro esophageal reflux disease, diabetes mellitus, hypothyroidism, and obesity. Tr. 15. After considering plaintiff's severe and non-severe impairments, the ALJ determined that plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 15. After considering the entire record, the ALJ found that plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except: she must avoid concentrated exposures to temperature extremes, wetness, and humidity; she must avoid moderate exposure to respiratory irritants; and she would be off task up to ten percent of the workday due to chronic coughing. Tr. 15. Based on plaintiff's RFC and the testimony of the VE, the ALJ found that plaintiff is capable of performing past relevant work as a Director of Special Education. The ALJ found that this work does not require the performance of work-related activities precluded by plaintiff's RFC.

---

[1] "Tr." refers to the Transcript of the Administrative Record.

Tr. 18. In the alternative, the ALJ relied on the testimony of the VE to determine that plaintiff has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy, such as information clerk, appointment clerk, and order clerk. Therefore, the ALJ concluded that plaintiff is not disabled. Tr. 20.

On June 25, 2013, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Acting Commissioner. Plaintiff subsequently initiated this action seeking judicial review.

**DISCUSSION**

In plaintiff's Opening Brief, she asserts that the Acting Commissioner's decision should be remanded because (1) the Appeals Council improperly excluded new and material evidence; (2) the ALJ improperly assessed medical evidence; (3) the ALJ improperly rejected plaintiff's subjective symptom testimony; and (4) the ALJ improperly relied on the VE's testimony. Each of plaintiff's arguments will be addressed in turn.

**1. Evidence Submitted to the Appeals Council**

In plaintiff's Opening Brief, she argues that the Appeals Council excluded from the record evidence that plaintiff had submitted as new and material evidence relevant to the ALJ's decision. However, in her Reply Brief, plaintiff concedes that "the evidence offered in Appendix A to Plaintiff's Brief should not be added to the transcript of record before the Court in the case." Pl.'s Reply at 5. Therefore, there is no issue upon which the court can rule and plaintiff's first argument is moot.

///

**2. Medical Evidence**

In plaintiff's Opening Brief, she states that the ALJ erred by failing to provide specific and legitimate reasons for rejecting the medical opinions of plaintiff's treating and examining physicians. She also states that the ALJ substituted his own opinion for that of plaintiff's treating and examining physicians. In support of these arguments, plaintiff provides no analysis other than a citation to her summary of the medical record. Essentially, plaintiff's Opening Brief invites the court to search her summary of the medical record for any argument that the ALJ erred in analyzing the evidence. The Ninth Circuit has made clear that the court will not "manufacture arguments" for a plaintiff and the court will "review only issues which are argued specifically and distinctly in a party's opening brief." *Independent Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (citations and quotations omitted). In this case, plaintiff has failed to support her argument that the ALJ erred in analyzing the medical evidence.

Moreover, neither the medical record, nor plaintiff's summary of the record contains evidence of medical opinion that is inconsistent with the RFC. In plaintiff's Reply, she directs the court to several portions of the record demonstrating that plaintiff suffers from severe chronic cough, but the RFC accounts for the limitations caused by those symptoms. Specifically, the RFC allows plaintiff to work only in areas without exposure to conditions that may trigger coughing and allows plaintiff to be off task ten percent of the day due to coughing. Plaintiff also directs the court to a report by Byron T. Telford, Family Nurse Practitioner, which states that plaintiff is "unable to do much of what she used to do and is not able to work." Tr. 262. As plaintiff concedes, however, this report does "not constitute a medical opinion." Pl.'s Reply at 8. In sum, plaintiff fails to direct the court to any medical opinion or findings that were discounted

by the ALJ and inconsistent with the RFC. Therefore, this court finds no error in the ALJ's analysis of the medical evidence.

**3. Plaintiff's Testimony**

Plaintiff argues that the ALJ improperly rejected the credibility of plaintiff's subjective symptom testimony. Evaluating subjective complaints regarding symptoms is a two-step process. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotations omitted). At the second step, the ALJ must assess the credibility of plaintiff's subjective complaints; appropriate considerations include:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.

*Potter v. Comm'r of Soc. Sec.*, No. 12-35362, 2014 WL 1647379 *1 (9th Cir. Apr. 25, 2014). Objective medical evidence is a relevant factor in determining credibility, though it cannot serve as the sole basis for rejecting subjective testimony. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (citing 20 C.F.R. § 404.1529(c)(2)). If there is not evidence that plaintiff is malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter*, 504 F.3d at 1036 (citation omitted).

In this case, the ALJ provides several reasons to discount plaintiff's credibility. First, the ALJ notes that the medical evidence does not support her claims, as "no examining or reviewing

physician has rendered an opinion supporting her allegations." Tr. 18. Second, the ALJ explains that plaintiff has had routine and conservative treatment, which is inconsistent with her alleged degree of impairment. "Evidence of 'conservative treatment' is sufficient to discount claimant's testimony regarding severity of an impairment." *Parra v. Astrue,* 481 F.3d 742, 750-51 (9th Cir. 2007) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)). The ALJ explained that plaintiff's symptoms improved when she regularly used medication, but certain environmental conditions could trigger coughing. Tr. 16. Third, the ALJ notes that plaintiff failed to comply with prescribed treatment. Specifically, plaintiff did not do recommended sinus irrigations and did not follow a diet and exercise program. Plaintiff argues that these recommendations were not intended to treat or cure plaintiff's disabling impairment and therefore, noncompliance with the recommendations was irrelevant. Plaintiff fails to provide support for her assertion that sinus irrigations and a diet and exercise program are not medically related to her disabling symptoms; therefore, the court finds this argument unpersuasive. Fourth, the ALJ notes that plaintiff was not truthful about fasting before a medical examination. The court finds that these reasons are sufficiently clear and convincing to support the ALJ's credibility determination.

**4. Reliance on VE Testimony**

Plaintiff argues that the ALJ erred by relying on the testimony of the VE, who based his testimony on a hypothetical that failed to include all of plaintiff's limitations. Specifically, plaintiff argues that the ALJ's hypothetical was incomplete because he improperly rejected plaintiff's subjective symptom testimony. As discussed above, this court finds that the ALJ did not err in his analysis of plaintiff's testimony. Consequently, the court finds plaintiff's argument concerning the ALJ's reliance on the VE's testimony unpersuasive.

**CONCLUSION**

For the reasons provided, this court concludes that the decision of the Acting Commissioner denying Debrah J. Whaley's application for DIB must be AFFIRMED.

IT IS SO ORDERED.

DATED this 9 day of July, 2014.

Ancer L. Haggerty
United States District Judge